UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AARON CAGE** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **CIVIL ACTION NO:** |
| **GREAT AMERICAN ASSURANCE** | * | |
| **COMPANY, UNION FOR REFORM** | * | **SECTION:** |
| **JUDAISM, KELLY M. KOSAR** | * | |
| **& U.S. AGENCIES CASUALTY** | * | **MAGISTRATE:** |
| **INSURANCE COMPANY** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO:   The Honorable Judges of the
       United States District Court for the
       Eastern District of Louisiana

**NOW INTO COURT,** through undersigned counsel, comes defendant, Great American

Assurance Company, who hereby files this Notice of Removal of the captioned civil action from

the 24th Judicial District Court for the Parish of Jefferson to the United States District Court for

the Eastern District of Louisiana based on diversity jurisdiction and assert as follows:

1.   This action was originally commenced by plaintiff Aaron Cage on or about June 30, 2010

     through the filing of a Petition in the 24th Judicial District Court for the Parish of

     Jefferson, State of Louisiana, captioned *Aaron Cage v. Great American Assurance*

     *Company, Union for Reform Judaism, Kelly M. Kosar, and U.S. Agencies Casualty*

     *Insurance Company,* Case No. 689416.

1

2.  The United States District Court of the Eastern District of Louisiana is the court embracing the place wherein such action is pending in state court.

3.  This removal is effected and has been timely filed within thirty (30) days of the removing defendant being served with process and within one (1) year after commencement of the action, as allowed by 28 U.S.C. 1446(b). As of the date of this filing, there has been no return of service on the remaining defendants, Union for Reform Judaism, and Kelly M. Kosar. However, both of these defendants are represented by undersigned counsel and consent to removal. Reasonable, good faith efforts have been made to obtain consent from the remaining defendant, U.S. Agencies Casualty Insurance Company, but undersigned has not been able to successfully contact this defendant.

4.  This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. 1332, 1441, and 1446.

## I. Diversity of Citizenship Jurisdiction

5.  This action is properly removed to this Court pursuant to 28 U.S.C. 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  At the time of the filing of the Petition for Damages, the plaintiff, upon information and belief, was domiciled in Orleans Parish, State of Louisiana. *See*, Petition, ¶1.

7.  At the time of the filing of the Petition for Damages, and at all times thereafter, the defendant Kelly Kosar was and is domiciled in the state of New York.

8.  At the time of the filing of the Petition for Damages, and at all times thereafter, the defendant Union for Reform Judaism, was incorporated under the laws of the state of Ohio, with its principal place of business in New York.

9.  At the time of the filing of the Petition for Damages, and at all times thereafter, the defendant Great American Assurance Company, was domiciled in the state of Ohio.

10. At the time of the filing of the Petition for Damages, and at all times thereafter, upon information and belief, the defendant U.S. Agencies Casualty Insurance Company was a foreign insurer, not domiciled in the state of Louisiana, but licensed to do business in the state of Louisiana. *See,* Petition, ¶1.

11. Therefore, there is complete diversity between the plaintiff and all opposing defendants. The plaintiff is a citizen of the state of Louisiana, and none of the defendants are a citizen of the state of Louisiana.

## II. Amount in Controversy

12. Plaintiff alleges that she sustained injuries and damages that included pain and suffering, mental anguish and distress, medical expenses, and lost wages.

13. Louisiana Code of Civil Procedure Article 893 A(1) articulates the following requirements for a plaintiff pleading a specific amount of monetary damages:

> "the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages, …. a general allegation that the claim exceeds or is less than the requisite amount is required.

La. C.C.P. art. 893 thus requires a plaintiff to state generally that his claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Here, plaintiff has

failed to allege a specific amount of damages in his Petition. Therefore, on the face of the pleadings, the amount in controversy meets the jurisdictional requirement of $75,000.00. Furthermore, it is facially apparent from the facts set forth above, that based upon a "preponderance of the evidence," the amount in controversy exceeds the jurisdictional amount of $75,000.00. See *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that, when a plaintiff does not allege a specific amount of damages, it is proper for the Court to consider summary-judgment type evidence relevant to the amount in controversy as of the time of the removal).

14.       In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).  Louisiana law mandates that plaintiffs may not petition for a specific monetary amount, La. Code Civ. Proc. Art. 893(A)(1).  However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." (emphasis added), which plaintiff has failed to do.  Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendants are not required to prove to a legal certainty or conclusively that the plaintiff will recover more than the jurisdictional amount.  Instead, defendants need only prove that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir.1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount. *Jeffcoats v. Rite-Aid Pharmacy*, 2001 WL 1561803 (E.D. La. December 6, 2001) (citing *Allen v. R &H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).

Once the defendants have met their burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995). In *De Aguilar*, the Court held that a plaintiff can establish to a "legal certainty" that his claim does not meet or exceed the requisite jurisdictional amount by citing an applicable state law that prohibits recovery over the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411. If the plaintiff cannot cite such a statute, then "[l]itigants who want to prevent removal *must* follow a bonding stipulation or affidavit with their complaint" that shows their commitment to recovery below the federal threshold. *Id.* Plaintiff has failed to execute or file any such Stipulation. [1]

---

[1] See Exhibit 2, correspondence to plaintiff counsel, dated 1/15/09;
   See also Exhibit 3, proposed Stipulation

15. Thus, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. 1441.

16. Pursuant to 28 U.S.C. 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

17. A copy of all pleadings filed thus far into the record of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, are attached hereto as Exhibit "B."

18. Consistent with the provisions of 28 U.S.C. 1446(d), no further proceedings shall be had in this matter in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

19. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certify that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after a reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

20. By filing this Notice of Removal, Defendants do not waive, and hereby reserve all defenses and objections to the Petition.

**WHEREFORE,** defendant Great American Assurance Company prays for the removal of the above entitled cause from the State Court to this Court.

| CERTIFICATE OF SERVICE | Respectfully Submitted: |
|---|---|
| I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 22 July, 2010.<br><br><br>_____ s/ Stephen C. Kogos, Jr._____ | **HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**<br><br>**BY:**___ *s/ Stephen C. Kogos, Jr.*___<br>**DOMINIC J. OVELLA, #15030**<br>**dovella@hmhlp.com**<br>**ANNE E. MEDO, #24556**<br>**amedo@hmhlp.com**<br>**SEAN P. MOUNT, #27584**<br>**smount@hmhlp.com**<br>**JASON M. BAER, #31609**<br>**jbaer@hmhlp.com**<br>**STEPHEN C. KOGOS, #31817**<br>**skogos@hmhlp.com**<br>**CHRISTOPHER J. ROUSE, #32668**<br>**crouse@hmhlp.com**<br>One Galleria Blvd., Suite 1400<br>Metairie, LA  70011-8288<br>Telephone:  (504) 836-6500<br>Attorney for defendant, Great American Assurance Company |