DIV. I
JUDGE

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO.  DIVISION  DOCKET NO.

689416  AARON CAGE

VERSUS

GREAT AMERICAN ASSURANCE COMPANY, UNION FOR REFORM JUDAISM, KELLY M. KOSSAR AND U.S. AGENCIES CASUALTY INSURANCE COMPANY
( AS UM CARRIER OF AARON CAGE)

FILED: _____      _____
                              DEPUTY CLERK

## PETITION FOR DAMAGES

The petition of AARON CAGE, a person of the full age of majority and domiciled in New Orleans, State of Louisiana, respectfully represents the following, to-wit:

1.

Made defendants herein are:

a. GREAT AMERICAN ASSURANCE COMPANY, a foreign insurance company, authorized to do and doing business in Jefferson Parish, State of Louisiana; and

b. Kelly M. Kossar a person of the full age of majority and domiciled in Suffern, New York, hereinafter referred to as "Vehicle Driver."

c. UNION FOR REFORM JUDAISM, a non-profit corporation, domiciled in Ohio, authorized to do and doing business in Jefferson Parish, State of Louisiana.

d. U.S. Agencies Casualty Insurance Company, a foreign insurance company, authorized to do and doing business in Jefferson Parish, State of Louisiana

2.

The defendants are indebted unto plaintiff jointly, severally, and in solido for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid, and all costs of these proceedings.

3.

On or about July 7, 2009, petitioner, Aaron Cage, was operating a 2008 Ford E-350, headed eastbound on U.S. 90 near Coolidge Street in the left lane, in Jefferson Parish, State of Louisiana.

4.

At the same time, defendant, Kelly M. Kassar was operating a 2009 Ford Econoline, owned by AVIS Rental Car, and rented/leased by Union For Reform Judaism, also traveling eastbound on US 90 in the center lane, in Jefferson Parish, State of Louisiana, when suddenly and without warning, defendant failed to yield and changed from the center lane into the left lane and sideswiped the petitioner's vehicle thus causing a collision between the two vehicles.

5.

The accident resulted through the fault, inattention, and negligence of the Vehicle Driver, which negligence consists of, but is not limited to the following:

a. Failing to maintain adequate distance between vehicles;

b. Failing to keep a proper lookout;

c. Failing to keep the vehicle under proper control;

d. Operating the vehicle in a careless, reckless and imprudent manner;

e. Failing to see what should have been seen or to heed what was seen;

f. Failing to exercise due care and caution for the safety of others;

g. Failing to exercise reasonable vigilance;

h. Failing to properly use the brakes on the vehicle;

i. Failing to obey the rules of the road;

j. Failing to slow the vehicle or come to a stop when an accident was happening;

k. Failing to do anything to avoid the accident;

    m.    any and all other acts of negligence which may be shown or proven at the time of the trial in this matter.

All contrary to, and in violation, of the laws of this Parish and State, which are specifically pleaded herein, as though copied in extenso.

6.

Prior to this accident, Great American Assurance Company issued unto the Union for Reform Judaism and/or Vehicle Driver, a policy of liability insurance for the type of liability asserted herein, which was in full force and effect at the time of this accident.

7.

Through the negligence of the Union for Reform Judaism and/or Vehicle Driver, plaintiff sustained personal injuries requiring care and treatment.

8.

As a result of this accident, plaintiff is entitled to a fair and just award for the pain and suffering and mental anguish and distress suffered as a result of this accident. Additionally, your plaintiff entitled to be compensated for medical expenses and lost wages incurred by her.

9.

At all material times mentioned herein, defendant, Kelly M. Kossar, was employed by defendant, Union for Reform Judaism and was on a mission for this corporation with their full knowledge, consent and permission, and was in the course and scope of her employment.

10.

U.S.Agencies Casualty Insurance Company is the uninsured/underinsured automobile insurance carrier of petitioner and on the date of the accident, U.S.Agencies Casualty Insurance Company, had issued in favor of petitioner a policy of automobile insurance providing uninsured/underinsured motorist coverage. Accordingly as

uninsured/underinsured motorist insurance carrier, such insurer is jointly, severally, solidarily liable and responsible for the negligence and damages set forth above.

11.

Plaintiff alleges amicable demand, but to no avail.

WHEREFORE, plaintiff, Aaron Cage prays that after due proceedings had, there be judgment herein in her favor and against defendants, GREAT AMERICAN ASSURANCE COMPANY, UNION FOR REFORM JUDAISM, KELLY M. KOSSAR AND U.S. AGENCIES CASUALTY INSURANCE COMPANY (AS UM CARRIER OF AARON CAGE), jointly, severally, and in solido, for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid, and all costs of these proceedings.

RESPECTFULLY SUBMITTED:

*Julien F. Jurgens*
JULIEN P. JURGENS, Bar #19941
JAMES G. KAMBUR, Bar #7612
4700 Canal Street
New Orleans, LA 70119
504-486-4700

Great American Assurance Company
Thru their agent for service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

GEICO General Insurance Company
Thru their agent for service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

US Agencies Casualty Ins Co
Thru their agent

Louisiana Longarm Statute

Kelly M. Kossar
4 Kimmissy Ct.
Suffern, NY 10901

Union For Reform Judaism
Through their agent for service
CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114